



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | No. 4:13-CR-003-A |
| | § | |
| RICHARD D. ANDERSON (01) | § | |

### GOVERNMENT'S NOTICE REGARDING TRANSCRIPTS

The United States, acting by and through the undersigned Assistant United States Attorney for the Northern District of Texas, files this Notice regarding transcripts of audio recordings pursuant to the Court's Scheduling Order dated January 28, 2013, and would show the Court the following:

**A.    Video Recordings**

The Government intends to use the following video recordings against the defendant at trial:

1.    **Video files of child pornography charged in the indictment**

a. The government intends to introduce into evidence the two video files of child pornography charged in the indictment. The first charged video with the file name beginning with "(PTHC) babyshivid," is approximately 1 minute and 36 seconds long. The audio portion primarily involves the sound of water and a child crying. The only statement in the video is made at the very end of the video, when the adult male says, "All right, sit down."

**Government's Notice Regarding Transcripts - Page 1**

b. The second charged video with the file name beginning with "!!!NEW" is approximately 36 seconds long and has no audio.

c. Because these videos were not produced by Anderson, the government does not know when the child pornography recordings was actually created. For the same reason, the government does not know the identity of the adult male who speaks at the end of the first video entitled in part "(PTHC) babyshivid." The government intends to introduce the videos in their entirety because they are charged in the indictment as constituting child pornography. Additionally, the content also will be used to prove (1) that the videos depict real individuals and (2) that the content depicts minors engaged in sexually explicit conduct.

**B.  Audio Recording**

The government intends to use the following audio recording for which a transcript is attached as Government's Exhibit 1.

1.  **Recorded phone conversation with Defendant Anderson**

a. Fort Worth Police Officer Randy Watkins recorded his phone conversation with Richard Anderson, which occurred on or about September 28, 2012. The call lasts approximately 5 minutes and involves only Watkins and Anderson.

b. The government anticipates introducing the following lines from the transcript:

    p. 1 – lines 10 through 26

    p. 2 – lines 1 through 6; 25 through 27

    p. 4 – lines 1 through 3

                                     Respectfully submitted,

                                       SARAH R. SALDAÑA
                                     UNITED STATES ATTORNEY

                                     AISHA SALEEM
                                     Assistant United States Attorney
                                     Texas State Bar No. 00786218
                                     801 Cherry Street, Suite 1700
                                     Fort Worth, Texas 76102
                                     Telephone: 817.252.5200
                                     Facsimile:  817.252.5455
                                     Email: aisha.saleem@usdoj.gov

### CERTIFICATE OF SERVICE

      This is to certify that on this the 7th day of February, 2013, a true and correct copy of the foregoing was served on counsel for defendant by first class mail and by email, in accordance with Federal Rule of Criminal Procedure 49.

                                     AISHA SALEEM
                                     Assistant United States Attorney

2. Date: September 28, 2012, approximately 1:07 pm

3. Parties:    WATKINS:    Randy Watkins, FW PD
4.                ANDERSON:   Richard Anderson

6. WATKINS: You know, I like to deal with things right up front, and know
7. ahead of time, instead of—

8. ANDERSON: Right

9. WATKINS: -- getting the forensics report back and then there it is, and
10. everybody's denying it, so it can work either way,

11. ANDERSON: Right

12. WATKINS: So if we need to talk about something, you know, that's what I said
13. for her to have you call.

14. ANDERSON: Okay. Well, ah, you will find some stuff there

15. WATKINS: Okay, stuff as in?

16. ANDERSON: As in, stuff that I shouldn't have had.

17. WATKINS: Like child pornography

18. ANDERSON: Yep, and what it stems back to, you know when the computers first
19. started, and I was, you know, just enthralled with the computer age,
20. and I got on some newsgroup—which I don't even know if those
21. exist any more, but it was probably 1994, 95 that I got on to a
22. newsgroup and I, I don't know how I even got on to a newsgroup to
23. be honest with you, but there was some things that I could download
24. from people's, I don't know if it was their databases or whatever,

25. WATKINS: Right

26. ANDERSON: And, so I did, and I downloaded quite a bit of it.

27. WATKINS: Umhmm.

**Transcript – Page 1**



| | | |
|---|---|---|
| 1<br>2<br>3<br>4 | ANDERSON: | And you know, then later on hearing how, you know, how this isn't a good thing to do, they're going to start you know, checking, um, you know, they were going to set up stings and what have you and whatever, I said well I can't do this anymore, this is ridiculous. |
| 5 | WATKINS: | Right. |
| 6<br>7 | ANDERSON: | Well, the only mistake I made was not getting rid of what I had already viewed. |
| 8<br>9 | WATKINS: | Right. I was just kind of curious, why if you knew looking at it, it was child pornography, why would you download that. |
| 10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20 | ANDERSON: | Um you know, I really don't know. I would never harm a child in my life; I would never try to take pictures of a child that I—you know, anyone-- at all. I guess I don't know maybe the thrill of doing it behind somebody's back was kind of a motivating factor, and it makes no sense, I have to admit. But it is what it was. And you know, I didn't distribute it, it never went out of my computer uh, except I put some on a flash drive but that was just tuh, you know, I was experimenting to see if there was ways I could do things like that, and I don't know, it's uh, it's totally, totally, totally against all of my morals, totally, and why I couldn't have gotten rid of that stuff years ago, I, I honestly, honestly I can't answer it. |
| 21<br>22<br>23 | WATKINS: | Okay. Um, tell you what, um, what do you have going next week? I'd like to talk to you other than on the phone, um, you haven't even met me, and |
| 24 | ANDERSON: | --right-- |
| 25<br>26 | WATKINS: | and I want to, you know, and this is Richard, right? Richard Anderson? |
| 27 | ANDERSON: | Yes, yes it is |
| 28<br>29 | WATKINS: | Okay, 'cause you know on the phone I don't know who's who so that's what |
| 30 | ANDERSON: | Sure, I understand |

**Transcript – Page 2**

| | | |
|---|---|---|
| 1 | WATKINS: | I'd like to meet with you in person and go over this, what do you |
| 2 | | have— |
| 3 | ANDERSON: | Would there be, would there be some time on Tuesday, I do have |
| 4 | | Tuesday off |
| 5 | WATKINS: | Tuesday |
| 6 | ANDERSON: | from work would there be a possibility |
| 7 | WATKINS: | Why don't we set up, why don't you, you know if you want to, come |
| 8 | | down to my office Tuesday, how about 10:00? |
| 9 | ANDERSON: | 10:00 a.m. at your office |
| 10 | WATKINS: | Yes, sir |
| 11 | ANDERSON: | I think, let me make sure, on your card is the address there— |
| 12 | WATKINS: | Yes |
| 13 | ANDERSON: | or do you have to give me something |
| 14 | WATKINS: | No, that's where it's at. It's 908 Southland Avenue in Fort Worth |
| 15 | | down by Cooks Children's Hospital. |
| 16 | ANDERSON: | Okay, I see it here now. |
| 17 | WATKINS: | If you can get there, you know, using GPS or whatever, if you have |
| 18 | | problems give me a call. |
| 19 | ANDERSON: | Okay |
| 20 | WATKINS: | But I'll put you down for Tuesday at 10:00 and we'll talk about |
| 21 | | everything. Another thing, if you know I obviously did the search |
| 22 | | warrant there, if I missed something or, you know obviously I don't |
| 23 | | know what's there and what's not. |
| 24 | ANDERSON: | Right |
| 25 | WATKINS: | Well, if there's more things that need to be dealt with, go ahead or if |
| 26 | | you would bring 'em so we could get rid of it or get it dealt with all |
| 27 | | at once. |

**Transcript – Page 3**

| | | |
|---|---|---|
| 1 | ANDERSON: | Not an issue at all. I'm sure that you've got everything since |
| 2 | | everything was in the computer and that one flash drive that I had. |
| 3 | WATKINS: | Okay |
| 4 | ANDERSON: | So I'm pretty sure -- I'll look again and make sure, but I'm positive |
| 5 | | you've got everything that had anything bad on there. |
| 6 | WATKINS: | Okay, alright, well Mr. Anderson, I'll plan on seeing you Tuesday at |
| 7 | | 10:00 at my office and we'll uh, we'll talk it out. |
| 8 | ANDERSON: | Okay, I appreciate the uh, the kindness that you are offering right |
| 9 | | now. |
| 10 | WATKINS: | No problem. All right, we'll see you then. |
| 11 | ANDERSON: | Thank you. |
| 12 | WATKINS: | Ok bye. |
| 13 | | |
| 14 | | |
| 15 | | |

**Transcript – Page 4**